IN THE 145th SUPERIOR DISTRICT COURT

COUNTY OF NACOGDOCHES          U8,962-01

STATE OF TEXAS

CAUSE NO: F1496272007

WR - 68,962-01

| | | |
|---|---|---|
| TRACY GIBSON #1436824 | § | RECEIVED IN<br>COURT OF CRIMINAL APPEALS |
| Mark Stiles Unit | § | |
| 3060 FM 3514 | § | NOV 05 2015 |
| Beaumont, Tx. 77705 | § | |
| PRO se | § | Abel Acosta, Clerk |
| -v- | § | |
| STATE OF TEXAS | § | |

Petitioner's MOTION REQUESTING LEAVE of Court TO AMEND/SUPPLEMENT ORIGINAL APPLICATION § 11.07 Post-CONVICTION Habeas Corpus FROM FINAL FELONY CONVICTION

TO HONORABLE COURT:

Comes NOW, Pro Se Petitioner, to RESUBMIT his request to Leave of Court to SUPPLEMENT his original APPLICATION § 11.07 habeas corpus.

This honorable court filed an order on September 15th, 2015, Denying Applicant/Petitioners' first submittance because, Petitioner, requested something this court has No Plenary Power to give Petitioner, now is resubmitting his motion as follows:

(1)

## Jurisdiction

This court has jurisdiction in this cause of matter Pursuant to Texas Rules of APPELLATE Procedure Rule 72.1.

## History of CASE

Petitioner /Applicant, originally filed his application for §11.07 habeas corpus for post-conviction relief in August, 2007. Criminal Court of Appeals ordered his case to be remanded back to his trial court on July 1st, 2015, since it has come to light that the denial on 1-9-08 may have been erroneous.

Petitioners' first application stated the claims for ineffective assistance of counsel and defective indictment. The Criminal Court of Appeals ordered the trial court to bench-warrant, Petitioner, for a hearing in regards to (2) two questions about ineffective assistance of counsel, this occured on August, 6th, 2015.

After, Petitioner, answered the (2) two questions, he was immediately returned to TDCJ-STiles Unit. THe, Petitioner, was not allowed to oddress or discuss the ground for defective indictment.

## Issues

Petitioners now has to request Leave of Court to supplement his original §11.07 application because his trial court has caused irreversible errors that could not have been discovered, several years after petitioners' entry' until

(2)

into TDCJ. The "irreversible errors" are as follows:

1) Petitioner, asserts that his trial court conducted a Nunc Pro tunc Proceeding; outside his presence; that he has a right to be present at and to be represented by counsel; because it is a criminal proceeding, and

2) Petitioner, asserts that said Nunc Pro tunc order wasn't delivered to TDCJ-Records Division until 5 years after the date of the Nunc Pro tunc Proceeding; when he contacted a lawyer from State Counsel for Offenders (S.C.F.O.) and had the order forwarded to TDCJ-Records Division; to which then a month afterwards received a "Time-Slip" in January, 2013, showing the change in status of his criminal charges and Parole eligibility; this shows that the clerk of court is in violation of duties of clerk in accordance to Texas Criminal Code Procedure article §2.21(a); and

3.) Petitioner, asserts that the trial court has not presented him with an indictment for the lesser included offense of robbery/theft; for the last 8½ years of his incarceration which eliminates the trial courts ability to present an indictment in accordance to Texas Criminal Code Procedure article §12.01 to present an indictment within 5 years from the date of the commission of the original offense.

## Analysis

The trial court was notified the indictment was null and avoidable when, petitioner, submitted his application art. §11.07, and made an attempt to recover by filing and conducting a null and voidable "Nunc Pro tunc order" that exceeded the trial courts plenary powers to modify the petitioners, conviction. Furthermore, the trial court is aware in it's expertise knowledge that a "Nunc Pro tunc" can only correct "clerical errors" and not "judicial erros". Now that the trial court is aware that the expiration to present, petitioner, with an indictment for a lesser included offence (theft/robbery) the trial court refuses to grant him any relief. Petitioner, has no other remedy available to him other than to request relief from the Criminal Court of Appeals under art. §11.07 habeas corpus for post-conviction relief that can be raised for the first time on defective indictment; an indictment that sought a conviction for Aggravated Robbery; enhanced; that was presented to the petitioner, in a Plea-bargain that omitted a deadly weapon finding; to which is an essential element to seek a conviction for the criminal charge of aggravated robbery.

## Conclusion

Petitioner, asserts that all the assertions in his stated Issues; and all the grounds stated in his Analysis; he had not entered into a Plea-bargain intelligently or knowingly and because of the trial courts irreversible errors, he should be permitted to Leave of Court to Supplement

(4)

his art. 311.07 Application in accordance to APPELLATE Procedure T.R.A.P. rule 38.7.

## Prayer and Relief

Petitioner, seeks the Prayer and relief in accordance to TRAP Rule 38.7, that his application art. 311.07 be supplemented because of the irreversible errors caused by the trial court in a post-conviction court order Nunc Pro tunc judgement on 10-15-07, but wasn't forwarded to TDCJ-Records Division until, Petitioner, discovered the order in his legal work and requested the assistance of a STATE Counsel for offenders, attorney. Therefore, Petitioner, prays for the relief to supplement his 311.07 application as submitted in September, 2015.

## Certificate of Service

Petitioner, certifies that he has utilized the United States Postal Services to have delivered his Motion to Amend/Supplement his art. 311.07 and has delivered them a copy to the following: 145th Superior Judicial District Court, Clerk of Court Loretta Cammack, 101 West Main Street Room 120, Nacogdoches, Tx 75961 and to the Criminal Court of Appeals, Clerk of Court Abel Acosta, P.o. Box 12308 Capitol Station, Austin, Tx 78711

(5)

Respectfully submitted and executed by me on this 2ND day of November, 2015.

Tracy Gibson    #1436824

Tracy Gibson    #1436824